**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00196-CV**
_____

**IN RE GUSTAVO TIRADO**

**Original Proceeding**
**418th District Court of Montgomery County, Texas**
**Trial Cause No. 21-02-01736-CV**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Gustavo Tirado contends the trial court abused its discretion by denying Tirado's motion for judgment on a mediated settlement agreement that was signed by Tirado and the Real Party in Interest, Veronica Guzman, in a different case in a different court. According to Tirado, Guzman and Tirado signed a mediated settlement agreement in Trial Cause Number 2019-43689 but the 507th District Court of Harris County, Texas, denied Tirado's motion for judgment on the mediated settlement agreement and dismissed the case for want of prosecution on February 20, 2020. After Guzman filed a suit to determine

1

parentage in Montgomery County, Tirado filed a motion to dismiss for lack of jurisdiction on the ground that parentage was no longer subject to litigation. After the trial court denied Tirado's motion to dismiss for lack of jurisdiction, Tirado filed a motion with the 418th District Court for judgment on the mediated settlement agreement that had previously been denied by the 507th District Court. On June 4, 2021, the 418th District Court denied the motion for judgment on the mediated settlement agreement from Trial Cause Number 2019-43689.

Tirado argues his case is indistinguishable from *In re Lee*, 411 S.W.3d 445, 447 (Tex. 2013). We disagree. In *Lee*, a trial court denied a motion to enter judgment on a mediated settlement agreement based on an inquiry into whether the agreement was in a child's best interest. *Id.* at 448. The Supreme Court held that the mediated settlement agreement could be enforced between the parties to the agreement even without the joinder of the Office of the Attorney General in the agreement. *Id.* at 453. The relator in *Lee* sought review of the trial court's refusal to enforce the settlement in the same case where the mediated settlement agreement had been reached and filed. *See id.* at 447-48. In the matter now before us, it appears Tirado never challenged the 507th District Court's denial of his motion to enforce the mediated settlement agreement.

The Relator has not shown that he is entitled to the relief sought in his petition. Accordingly, the petition for a writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a). The motion for temporary relief is denied as moot.

PETITION DENIED.

PER CURIAM

Submitted on July 28, 2021
Opinion Delivered July 29, 2021

Before Kreger, Horton and Johnson, JJ.